

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| UNITED STATES OF AMERICA, Plaintiff/Respondent, vs. DUANE TIMOTHY SMITH, Defendant/Movant. | Cause No. CR 16-46-BLG-SPW<br>CV 18-85-BLG-SPW<br><br>ORDER DENYING § 2255 MOTION AND DENYING CERTIFICATE OF APPEALABILITY |
|---|---|

This case comes before the Court on Defendant/Movant Duane Timothy Smith's motion to vacate, set aside, or correct his sentence, pursuant to 28 U.S.C. § 2255. Smith is a federal prisoner proceeding pro se.

In reviewing the motion, the Court has refreshed its memory by consulting the rough transcripts of the change of plea and sentencing hearings. Pursuant to 28 U.S.C. § 753(f), the United States will be required to order transcripts of those hearings for the Court's file and for Smith.

## I. Preliminary Review

Before the United States is required to respond, the Court must determine whether "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); *see also* Rule 4(b), Rules Governing Section 2255 Proceedings for the United States District Courts. A

1

petitioner "who is able to state facts showing a real possibility of constitutional error should survive Rule 4 review." *Calderon v. United States Dist. Court*, 98 F.3d 1102, 1109 (9th Cir. 1996) (*"Nicolas"*) (Schroeder, C.J., concurring) (referring to Rules Governing § 2254 Cases). But the Court should "eliminate the burden that would be placed on the respondent by ordering an unnecessary answer." Advisory Committee Note (1976), Rule 4, Rules Governing § 2254 Cases, *cited in* Advisory Committee Note (1976), Rule 4, Rules Governing § 2255 Proceedings.

## II. Background

Smith was indicted on one count of conspiring to distribute and possess with intent to distribute 500 grams or more of a substance containing methamphetamine, a violation of 21 U.S.C. §§ 846 and 841(a)(1) (Count 1); one count of possessing the same with intent to distribute it, a violation of 21 U.S.C. § 841(a)(1) (Count 2); one count of possessing or brandishing four firearms in furtherance of the alleged drug trafficking conspiracy, a violation of 18 U.S.C. § 924(c)(1)(A)(i) and (ii) (Count 4); and one count of possessing an unregistered firearm, a violation of 26 U.S.C. § 5861(d) (Count 6). *See* Indictment (Doc. 1) at 2–3, 4, 5; Superseding Indictment (Doc. 25) at 2–3, 4, 5. A co-defendant, Thomas Dean Smith, was charged with possessing or brandishing two firearms in furtherance of the alleged drug trafficking conspiracy (Count 5). Smith was not

named in Count 5 but was charged on a *Pinkerton* theory.[1] *See* Indictment at 5; Superseding Indictment at 6. Attorney Jay Lansing was appointed to represent Smith. *See* Order (Doc. 17).

If convicted on the drug counts alleged in the indictment and superseding indictment, Smith faced a ten-year mandatory minimum sentence and a maximum sentence of life in prison. *See* 21 U.S.C. § 841(b)(1)(A)(viii). If convicted on either Count 4 or Count 5, Smith faced a mandatory minimum term of five to seven years consecutive to any sentence imposed on Counts 1, 2, or 6. *See* 18 U.S.C. § 924(c)(1)(A)(i), (ii), (D)(ii). And if convicted of both Counts 4 and 5, Smith faced a mandatory minimum prison term of 30 years, consecutive to any sentence imposed on the other counts, including a ten-year mandatory minimum if convicted on Counts 1 or 2. *See id.* § 924(c)(1)(C)(i), (D)(ii).

On November 9, 2016, the parties filed a fully executed plea agreement. Smith agreed to plead guilty to a superseding information, and the United States agreed to dismiss all charges in the superseding indictment. *See* Plea Agreement (Doc. 39) at 2 ¶ 2. The superseding information charged Smith with conspiring to distribute and possess with intent to distribute 50 grams or more of a substance

---

[1] *See Pinkerton v. United States*, 326 U.S. 640, 647 (1946) ("If [the overt act element in a conspiracy charge] can be supplied by the act of one conspirator, we fail to see why the same or other acts in furtherance of the conspiracy are likewise not attributable to the others for the purpose of holding them responsible for the substantive offense.").

3

containing methamphetamine, a violation of 21 U.S.C. §§ 846 and 841(a)(1) (Count 1), and one count of possessing four firearms in furtherance of the alleged drug trafficking conspiracy, a violation of 18 U.S.C. § 924(c)(1)(A)(i) (Count 2). *See* Superseding Information (Doc. 40) at 1–3.

The new, lesser charges subjected Smith to a five-year mandatory minimum prison term and a forty-year maximum sentence on Count 1 and a five-year mandatory minimum prison term on Count 2, consecutive to any sentence imposed on Count 1. *See* 21 U.S.C. § 841(b)(1)(B)(viii); 18 U.S.C. § 924(c)(1)(A)(i), (D)(ii). Under the superseding indictment, Smith faced a mandatory minimum as high as 40 years. Under the superseding information, his mandatory minimum sentence was limited to 15 years.

In the plea agreement, the parties also agreed "the defendant's base offense level should be at least 34, pursuant to U.S.S.G. §§ 1B1.3(a)(1)(A) and (V) and 2D1.1(c)(3)." Plea Agreement at 7 ¶ 6. The United States conditionally agreed to recommend a three-level reduction in the offense level for acceptance of responsibility. *See id.* Smith waived "any right to appeal and right to bring any other post-conviction attack on the sentence," except claims alleging ineffective assistance of counsel. *See id.* at 8 ¶ 8.

Smith pled guilty in open court on November 30, 2016. The transcript of the change of plea hearing reflects that Smith admitted agents seized about 338 grams

4

of methamphetamine from his residence on September 29, 2015. *See, e.g.*, Offer of Proof (Doc. 41) at 3. The transcript also reflects that he admitted distributing methamphetamine from the house before and after September 29, 2015. *See, e.g.*, *id.* at 5–6.

The probation office drafted a presentence report. The draft report set the base offense level at 38, applied a four-level enhancement for use of body armor, a two-level enhancement because Smith played a leading role in the offense, and a three-level reduction for acceptance of responsibility. The total adjusted offense level was 41. Smith's criminal history category was IV based on his criminal history points, but it was increased to VI because Smith's two prior convictions for partner or family member assault made a him a career criminal. Smith's anticipated guideline range was 360 months to life in prison, plus a consecutive five-year term on Count 2. *See* Presentence Report ¶¶ 26–36, 47–49, 92–93.

Smith's counsel objected to the drug quantity and argued the base offense level should be 34, *see* Presentence Report Addendum, the lowest level consistent with the plea agreement. The draft report's assessment of a level 38 excluded the amount of the seized methamphetamine and Smith's own statements, relying solely on the high purity of the seized methamphetamine and statements provided by a confidential informant. *See* Presentence Report ¶¶ 9, 13, 17, 21; *United States v. Lopes-Montes*, 165 F.3d 730, 732 (9th Cir. 1999).

5

At sentencing, the Court found the base offense level was 38. A two-level body armor enhancement applied, as did a two-level role enhancement and a three-level reduction for acceptance of responsibility. The correct offense level was 39. Following *Johnson v. United States*, __ U.S. __, 135 S. Ct. 2551 (2015), and *United States v. Ross*, No. CR 13-29-BLG-BMM (D. Mont. Apr. 6, 2017), Smith did not qualify as a career offender. With a total offense level of 39 and a criminal history category of IV, the advisory guideline range remained 360 months to life in prison. *See* Statement of Reasons (Doc. 86) at 1 §§ I(B)(1), (3), III.

The Court departed downward to impose a sentence of 240 months on Count 1 and 60 months on Count 2, consecutive, for a total prison term of 300 months. Smith will also serve a five-year term of supervised release. *See* Judgment (Doc. 85) at 2–3.

Smith did not appeal. His conviction became final on June 22, 2017. *See Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012). He timely filed his § 2255 motion on May 16, 2018. *See* 28 U.S.C. § 2255(f)(1); *Houston v. Lack*, 487 U.S. 266, 276 (1988).

### III. Claims and Analysis

Smith claims that the drug amount assessed against him was "inflated" in breach of the plea agreement, *see* Mot. § 2255 (Doc. 100) at 4 ¶ 5A, and in violation of Federal Rule of Criminal Procedure 11(b)(1)(H) and (I), *see id.* at 5.

6

He also contends that trial counsel was ineffective because he failed to object to these errors, *see id.* 4 ¶ 5B, and because he failed to appeal, unreasonably claiming the plea agreement precluded appeal and any appeal would lack merit, *see id.* at 4 ¶ 5A(ii), 6 ¶ 5B(ii). For his relief, Smith seeks resentencing "pursuant to the actual drug amounts specified in the binding plea agreement." *Id.* at 7 ¶ 6.

Smith's claims are misguided. The transcript of the change of plea hearing shows that he was correctly advised the mandatory minimum penalty was five years on Count 1 and five consecutive years on Count 2. It also shows he was correctly advised the maximum penalty on Count 1 was 40 years and, on Count 2, life in prison. *See* Fed. R. Crim. P. 11(b)(1)(H), (I); 18 U.S.C. § 924(c)(1)(A)(i), (D)(ii); 21 U.S.C. § 841(b)(1)(B)(viii); *United States v. Dare*, 425 F.3d 634, 642 (9th Cir. 2005); *see also United Sates v. Shifflett*, 715 Fed. Appx. 258, 260 (4th Cir. Nov. 29, 2017); *United States v. Shabazz*, 564 F.3d 280, 288 (3d Cir. 2009).

The United States did not breach the plea agreement, because the agreement provided that "the defendant's base offense level should be *at least* 34, pursuant to U.S.S.G. §§ 1B1.3(a)(1)(A) and (V) and 2D1.1(c)(3)." Plea Agreement at 7 ¶ 6 (emphasis added). Smith identifies no meritorious issue for appeal, and the plea agreement did indeed prohibit appeal. *See id.* at 8 ¶ 8.

Smith cannot (and does not) claim he misunderstood the plain language of the plea agreement. "At least 34" does not mean "34." It means "34 or higher."

Smith does not claim that counsel misrepresented what might happen at sentencing, nor does he claim he would not have pled guilty had he better understood what might happen at sentencing. Trial on the superseding information was never an option, as the United States filed it pursuant to the plea agreement. *See* Plea Agreement at 2 ¶ 2. And there is no reason to suppose Smith had a realistic chance of acquittal on any count of the superseding indictment at trial. As explained above, had Smith been convicted at trial on all Counts 1, 4, and 5 of the superseding indictment, he faced a mandatory minimum sentence of forty years.

Smith trafficked in a large amount of highly pure methamphetamine and possessed a number of firearms in furtherance of the offense. Any defendant in those circumstances faces very significant penalties. Smith was not and is not entitled to a base offense level of 34. He has not identified any aspect of counsel's performance that was unreasonable or unfairly prejudicial to him. *See Strickland v. Washington*, 466 U.S. 668, 687-88, 694 (1984). All claims are denied.

## IV. Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules Governing § 2255 Proceedings. A COA should issue as to those claims on which the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the

district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Smith's claims do not meet even the relatively low threshold required for a COA. They arise from a plea agreement calling for a base offense level of "at least 34," and that cannot mean "34." There is no reason to encourage further proceedings. A COA is not warranted.

Accordingly, IT IS HEREBY ORDERED as follows:

1. Pursuant to 28 U.S.C. § 753(f), the Court CERTIFIES that the following transcripts are required to decide the issues presented by Smith:

    (a) the change of plea hearing, held November 30, 2016; and

    (b) the sentencing hearing, held June 7, 2017.

2. The United States shall immediately order the transcripts of those hearings for the Court's file, with copies to be delivered to Duane Timothy Smith, BOP # 05158-046, FCI Florence, Federal Correctional Institution, P.O. Box 6000, Florence, CO 81226.

3. Smith's motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255 (Doc. 100) is DENIED.

4. A certificate of appealability is DENIED. The Clerk of Court shall

immediately process the appeal if Smith files a Notice of Appeal.

5. The Clerk of Court shall ensure that all pending motions in this case and in CV 18-85-BLG-SPW are terminated and shall close the civil file by entering judgment in favor of the United States and against Smith.

DATED this 27th day of September, 2018.

Susan P. Watters
United States District Court